Martin J. Kaufman, Esq. [CA SBN 155672]
   *mjk@lawkaufman.com*
Eric C. Morris, Esq. [CA SBN 243425]
   *eric.c.morris@gmail.com*
THE KAUFMAN LAW FIRM, PC
2300 Westwood Boulevard, 2nd Floor
Los Angeles, California   90046
Tel: (213) 239-9400; Fax: (213) 239-9409

Raymond P. Boucher, Esq. [CA SBN 115364]
   *rboucher@kbadvocates.com*
Hermez Moreno, Esq.  [CA SBN 72009]
   *hmoreno@kbadvocates.com*
Brian M. Bush [CA SBN 294713]
   *bbush@kbadvocates.com*
KHORRAMI BOUCHER, LLP
444 S. Flower St. – 33rd Floor
Los Angeles, California 90071
Tel: (213) 596-6000; Fax: (213) 596-6010

*Attorneys for Plaintiffs*

Thomas M. Madruga  [CA SBN 160421]
   *tmadruga@omlawyers.com*
Matthew P. Kelly [CA SBN 224297]
   *mkelly@omlawyers.com*
Christine Hsu [CA SBN 256408]
   *CHsu@omlawyers.com*
Johnny McNulty  [CA SBN 290834]
   *JMcNulty@omlawyers.com*
OLIVAREZ MADRUGA, P.C.
1100 South Flower Street, Suite 2200
Los Angeles, CA 90015
Tel:  (213) 744-0099; Fax: (213) 744-0093

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL ESPINOZA et al., | Case No.: CV 13-3519 GW (JCGx) |
| Plaintiffs, | <u>DISCOVERY MATTER</u> |
| v. | **STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |
| COMPTON UNIFIED SCHOOL DISTRICT POLICE DEPARTMENT, et al., | |
| Defendants. | Complaint Filed:  August 14, 2013<br>Trial Date: March 3, 2015 |

1

STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

Plaintiffs Raquel Espinoza, Victor Lopez, J.A., a Minor, by and through his Guardian Ad Litem, Jose Alvarado, Catarino Garcia a.k.a. Rufino Garcia a.k.a. Candelario Garcia, and Maria Delgado a.k.a. Maria Calleros (collectively "Plaintiffs") and defendants Compton Unified School District ("CUSD"), Compton Unified School District Board Of Trustees ("Board"), Compton Unified School District Police Department ("School Police"), Board President Micah Ali, Superintendent Darin Brawley, Police Chief Hourie Taylor, Officer Porch #30126, Officer Guillet #30194, Officer Keith Donahue #30106, Officer Timothy Wilson, Officer M. Venegas #30183, Officer T. Wilson, Officer E. Robinson #30107, Officer R. Garcia, Officer L. Gray #31149, Officer J. Ford #30182, CSA Timothy Pernell Bowdry, CSA Larry Ventress, and CSA Lamar Grady Walker (collectively "Defendants"), by and through their respective undersigned counsel of record, hereby stipulate and agree to the following terms for "Confidential" and "Highly Confidential – Attorneys' Eyes Only" treatment of certain information and materials to be disclosed in discovery in this Litigation, subject to the Court's approval, pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION AND SCOPE

This Stipulated Protective Order ("Order") shall govern the production, use, and disclosure of information and material in this Action constituting, containing, or disclosing, in whole or in part, "Protected Material" as defined herein. This Order shall also apply to all other parties who appear in this Action and whose counsel of record have received a copy of this Order and agree in writing to be bound by its terms.

Disclosure and discovery activity in this Action may involve production of highly confidential, confidential, private, or personal information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation would be warranted. This Order does not confer

blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. This Order, as forth in Section 11, below, creates no entitlement to file confidential information under seal; Central District of California Civil Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.   DEFINITIONS

A.   "Action" or "Litigation": The above-captioned proceeding entitled *Raquel Espinoza, et. al. v. Compton Unified School District, et al.,* Civil Action No. CV 13-3519 GW (JCGx), which is pending in the United States District Court for the Central District of California, and any action that is deemed related or is consolidated or coordinated with it.

B.   "Confidential": Any Discovery Material that qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c) or other applicable federal or state laws. Counsel shall not designate Discovery Material as "Confidential" without first making a good faith determination that protection is warranted.

C.   Counsel: Outside counsel and/or in-house counsel of record for any party, as well as their support staff.

D.   Designating Party: A Party or non-party to this Action that designates Discovery Material that it produces in disclosures or responses to any discovery in this Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

E.   Discovery Material: All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3

STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

F.     Expert: A person with specialized knowledge or experience of a matter pertinent to the claims and defenses raised in this Action who has been retained by a Party to this Action or by a Party's Counsel to serve as an expert witness or as a consultant in this Action. This definition includes a professional jury or trial consultant retained in connection with this Litigation.

G.     "Highly Confidential–Attorney's Eyes Only": Extremely sensitive "Confidential" Discovery Material whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. The parties agree that the following Discovery Material is "Highly Confidential—Attorneys' Eyes Only" and shall receive treatment as such under the terms of this Order: (a) any Discovery Material containing any information that identifies the current addresses of any of the Plaintiffs or their Guardians Ad Litem; (b) any Discovery Material containing any information related to the immigration status of, or involvement in any immigration proceedings of, any of the Plaintiffs' or their Guardians Ad Litem, whether past or present; (c) any Discovery Material containing any information related to any criminal proceedings, past or present, brought against any of the Plaintiffs or their Guardians Ad Litem; and (d) any Discovery Material containing any information identifying Minor Plaintiff J.A., other than by J.A.'s initials, year of birth, or last four digits of his social security number (*ref*., Fed. R. Civ. P. 5.2(a)).  Counsel shall not designate Discovery Materials as "Highly Confidential – Attorney's Eyes Only" without first making a good faith determination that protection is warranted.

H.     Party: Any party to this Action, including any officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff.

I.  Producing Party: A Party or non-party to this Action that produced Discovery Material in this Action.

J.  Protected Material: Non-public information or material of any type (including, but not limited to, communications and recordings contained in testimony, documents, discovery responses, e-mail, and all other media of expression) that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The parties will use reasonable care to avoid designating as "Protected Material" any document or information that is in the public domain or does not fall into any of the items listed in this subparagraph.

K.  Professional Vendors: Any persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparation of exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium, etc.)  and their employees or subcontractors).

L.  Receiving Party: A Party that receives Discovery Material from a Producing Party.

**III.   SCOPE**

The protections conferred by this Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus pre-trial testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. The Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move for entry of an appropriate protective order governing use at trial.

**IV.   DURATION**

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court otherwise directs. The Court shall have jurisdiction

5

to enforce the terms of this Order for a period of six months after final termination of the Action.

**V.     STATEMENT OF GOOD CAUSE**

The Parties agree that good cause exists to enter into this Order in order to facilitate the exchange of information and material through discovery.   The Plaintiffs contend that the claims and defenses raised in this Litigation will likely require discovery related to pending and past criminal actions, pending and past immigration proceedings, and potentially other confidential, private or personal information of, or relating to, the Parties. The Plaintiffs further contend that they have a privacy interest in such information that outweighs the interest in public disclosure and thereby warrants certain protections from such public disclosure as set forth herein. While the Defendants do not necessarily agree with the Plaintiffs' contention, and expressly reserve their right to object to any designations they contend are improper in the manner set forth below, the Parties have stipulated to terms that will allow for designation of information and materials as "Confidential" or, where appropriate and necessary only, "Highly Confidential–Attorneys' Eyes Only" in order to facilitate the exchange of information and items through discovery in this Action.

On July 2, 2014, the parties met and conferred pursuant to Central District of California Local Rule 37-1 prior to the filing of this Order, and agreed that the use of the designation "Highly Confidential – Attorneys' Eyes Only" shall be limited to the following: (a) discovery material containing any information which identifies the current address of Plaintiffs; (b) any discovery material containing any information related to Plaintiffs' immigration status or proceedings, whether past or present; (c) discovery material containing any information related to any criminal proceedings, past or present, brought against Plaintiffs; and (d) any discovery material containing any information identifying Minor J.A., other than by J.A.'s initials, year of birth, or last four digits of his social security number

STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

(*ref.*, Fed. R. Civ. P. 5.2(a)).  The Parties expressly reserve the right to amend the list of Protected Material designated as "Highly Confidential – Attorneys' Eyes Only" in order to add categories of Protected Material that the Parties may be obligated to produce during the course of discovery and that meet the definition of "Highly Confidential–Attorney's Eyes Only" as set forth above.  The right to make such amendments shall be subject to the meet and confer requirements set forth in Central District of California Local Rule 37-1.

## VI.    DESIGNATING PROTECTED MATERIAL

A.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>:

Each Designating Party must take care to limit any designation to specific Discovery Material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of Discovery Material so that other portions of the same for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for any improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to potential sanctions.

If it comes to a Designating Party's attention that Discovery Material it designated for protection does not qualify for protection under the terms of this Order, or do not qualify for the level of protection initially asserted under the terms of this Order, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

B.    <u>Manner and Timing of Designations</u>:

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated before the Discovery Material is disclosed or produced.

7

C.    <u>Requirements for Designations in Conformity With this Order</u>:

For Discovery Material that is in documentary form (apart from transcripts of depositions or of other pre-trial proceedings), the Producing Party must affix the legend "Confidential" or "Highly Confidential –Attorneys' Eyes Only" at the bottom of each page that contains Protected Material. If only a portion or portions of the Discovery Material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential—Attorneys' Eyes Only").

For Discovery Material that is testimony given in deposition or in any other pre-trial proceedings, the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other pre-trial proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Highly Confidential—Attorneys' Eyes Only." When it is impractical to identify separately each portion of the testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record before the deposition or proceeding is concluded a right to have up to 20 days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify that level of protection being asserted ("Confidential" or "Highly Confidential—Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only" as instructed by the Party or non-party offering or sponsoring the witness or

STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

presenting the testimony.

For Discovery Material that is information produced in some form other than documentary or testimony form, and for any other tangible Discovery Material, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

D.   Inadvertent Failures to Designate:

If timely corrected, an inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If Discovery Material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" only after such material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that such designated material is treated in accordance with the provisions of this Order.

VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.   Timing of Challenges:

Unless a prompt challenge to a Designating Party's designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a Receiving Party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.   Meet and Confer:

A Receiving Party that elects to initiate a challenge to a Designating Party's designation of any Discovery Material as "Confidential" or "Highly

Confidential—Attorneys' Eyes Only" must do so in good faith and must begin the process by conferring directly or in writing with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party a reasonable opportunity to review the challenged designation of Discovery Material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

       C.    <u>Judicial Intervention</u>:

      If a Designating Party elects not to change a designation after considering the basis offered by the challenging Party, the Designating Party must file and serve a motion seeking to preserve the designation within 20 days of the completion of the meet and confer process. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and under the Local Rules. The burden of persuasion on any such motion shall be on the Designating Party. Until the Court rules on the motion, all parties shall continue to afford the designated Discovery Material in question the level of protection to which it is entitled under the Designating Party's designation.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

       A.    <u>Basic Principles</u>:

      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has terminated, a Receiving Party must comply with the provisions of the section below setting forth terms for

final disposition.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.

Nothing in this Order restricts the right of the Designating Party to make such use or disclosure of its own Discovery Material that has been designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in this Action as it otherwise is entitled to make. In addition, a Designating Party does not waive the classification of its own material and/or information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" if such Designating Party discloses such information to non-parties for any reason. However, if the Disclosing Party discloses any documents or materials that are otherwise found in the public domain, the classification is waived by the Designating Party.

B.    Disclosure of Discovery Material Designated as "Confidential":

Unless otherwise ordered by a Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

1. A Receiving Party's Counsel in this Action, as well as any employees of said Counsel to whom it is reasonably necessary to disclose the information for this Litigation;

2. A Receiving Party and any of the Receiving Party's officers, directors, and employees to whom disclosure is reasonably necessary for this Litigation and who signed Exhibit A;

3. Experts of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who signed Exhibit A;

4. The Court and its staff;

5. Court reporters and their staff, and any Professional Vendors to

11

whom disclosure is reasonably necessary for this Litigation and who have signed Exhibit A;

6. Any witnesses in the Action during their deposition to whom disclosure is reasonably necessary and have signed Exhibit A.

7. The author or the original source of the Discovery Material that is designated "Confidential."

C.   <u>Disclosure of Discovery Material that is Designated "Highly Confidential—Attorneys' Eyes Only":</u>

Unless otherwise ordered by a Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated as "Highly Confidential—Attorneys' Eyes Only" only to:

1. A Receiving Party's Counsel in this Action, as well as any employees of said Counsel to whom it is reasonably necessary to disclose the information for this Litigation;

2. Experts of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who signed Exhibit A;

3. The Court and its staff;

4. Court reporters and their staff, and any Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed Exhibit A;

5. The author or the original source of the Discovery Material that is designated "Highly Confidential—Attorneys' Eyes Only."

IX.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in any other litigation or matter that would compel disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential—

12

Attorneys' Eyes Only," the Receiving Party must promptly notify the Designating Party upon receipt, and in no event any later than five (5) business days of receipt, in writing (by fax or e-mail, if possible), of the receipt of the subpoena or order and enclose a copy of the same for the Designating Party's review. It shall be the responsibility of the Designating Party to contact the subpoenaing party or court, where an order is issued, to alert them of the existence of this Order. The Designating Party shall bear the burdens and expenses of seeking protection in the court from which the subpoena or order issued of its right to protection of the Protected Material from disclosure under the terms of this Order. Nothing in this provision shall be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court. Until a Designating Party seeks a protective order from the appropriate court from which the subpoena or order issued and serves timely notice of the same to the Receiving Party prior to the production date specified in the subpoena or order, the Receiving Party may, in its own discretion, comply with the subpoena or order.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use best efforts to retrieve all copies of the Protected Material; (c) inform any person or entity to whom unauthorized disclosure of Protected Material was made of the existence of this Order and provide a copy of the same; and (d) request that such person or entity execute Exhibit A, as appropriate.

## XI.    SUBMISSION OF PROTECTED MATERIAL TO THE COURT

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested Parties or non-parties, a Party may not file in the public record in this Action any Protected Material. The

13

1  Parties agree to follow the procedures set forth under Central District Local Rule

2  79-5 and any other applicable Local Rules or Court Orders or procedures for

3  lodging and/or other submission of Protected Material in any pre-trial proceeding.

4  The Designating Party maintains the burden of justifying any request to seal

5  Protected Material from the public record, regardless of the party that submits the

6  Protected Material under the applicable rules, orders or procedures.

7  **XII.   FINAL DISPOSITION**

8       Unless a Designating Party agrees in writing or the Parties are ordered

9  otherwise by the Court, each Receiving Party must return all Protected Material

10  to the Producing Party, or destroy the same, within sixty (60) days of the final

11  termination of this Action and provide written certification of such return or

12  destruction to the Designating Party. As used in this section, "all Protected

13  Material" includes all copies, abstracts, compilations, summaries or any other

14  form of reproducing or capturing any of the Protected Material. Notwithstanding

15  the sixty (60) day return or destruction requirement, all Counsel are entitled to

16  retain any archival copy of all pleadings, motion papers, transcripts, including

17  deposition  transcripts  and  any  exhibits  thereto,  legal  memoranda,

18  correspondence, attorney client privileged communications or attorney work

19  product, even if such material includes or references Protected Material. Any

20  such archival copies that contain or constitute Protected Material under the terms

21  of this Order remain subject to this Protective Order as set forth above  in the

22  section discussing duration.

23  **XIII.  MISCELLANEOUS PROVISIONS**

24       A.   Notice: All notices required by this Order are to be served via

25  electronic mail to Counsel. The date by which a party to this Action

26  receiving the notice shall respond, or otherwise take Action, shall be

27  computed from the date indicating that the facsimile was received.  Any of

28  the notice requirements herein may be waived in whole or in part, but only

1  in writing signed by an attorney for the party designating Discovery Material

2  under this Order.

3  B.      Right to Further Relief: Nothing in this Order abridges the right of any

4  person to seek its modification by the Court in the future.

5  C.      Right to Assert Objections: The entry of this Order does not affect any

6  Party's right to object to disclosure or production of any Discovery Material

7  on any ground not addressed in this Order. Similarly, no Party or non-party

8  waives any right to object on any ground to the proposed introduction into

9  evidence of any of the Protected Material covered by this Order.

10  D.      Modification: This Order is subject to further court orders based upon

11  public policy and other considerations. The Court may modify this Order

12  *sua sponte* in the interests of justice.

13  **FOR GOOD CAUSE, IT IS SO STIPULATED.**

14

15  Dated: August 5, 2014                KHORRAMI BOUCHER, LLP

16

17                                       By: /s/ Brian M. Bush

18                                            Brian M. Bush

19                                       THE KAUFMAN LAW FIRM, P.C.

20                                       Martin J. Kaufman
                                         Eric C. Morris

21                                       *Attorneys for Plaintiffs*

22

23  Dated: August 5, 2014                OLIVAREZ MADRUGA, P.C.

24

25                                       By: /s/ Matthew P. Kelly

26                                            Thomas M. Madruga

27                                            Matthew P. Kelly

                                              Christine Hsu
28                                            Johnny McNulty

15

STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

*Attorneys for Defendants*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

Dated:  August 05, 2014

_____

U.S. MAGISTRATE JUDGE
JAY C. GANDHI

16

STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

**EXHIBIT A**

**WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE**

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**

I, _____, do solemnly swear that I have received a copy of the Stipulated Protective Order Governing Discovery that the Court entered as an Order in *Raquel Espinoza, et. al. v. Compton Unified School District, et al.,* Civil Action No. CV 13-3519 GW (JCGx), in the United States District Court for the Central District of California, and I hereby agree to be bound by its terms and conditions.  I recognize that during my participation in the Litigation, I may have occasion to read or hear Discovery Material that is designated either "Confidential" or possibly "Highly Confidential—Attorneys' Eyes Only" and thus subject to protection under the terms of this Order.  I agree to use any such Protected Material solely in connection with my participation in this Litigation and for no other purpose.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of enforcing said Stipulated Protective Order Governing Discovery by contempt proceedings or other appropriate judicial remedies.

I am employed by _____ and my title is _____ [fill out only if appropriate].

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20___, in _____, State of _____.


_____
DECLARANT

17

STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY